UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 17, 2009

Paul R. Schlitz, Esq.
Jenkins, Block & Assocs.
1040 Park Avenue, Suite 206
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD 21201

**Re: Douglas Kline v. Michael J. Astrue, Commissioner of Social Security, PWG-07-1780**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Douglas Kline's claim for Supplemental Security Income ("SSI").(Papers No. 8, 24, 33). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Douglas Kline ("Claimant"), applied for SSI benefits on September 15, 2005, alleging that he became disabled as of April 15, 2005, due to chest pains, memory problems and residuals from a mini stroke. (Tr. 55, 157). His claim was denied initially and upon reconsideration. (Tr. 27-36). After a hearing held before an Administrative Law Judge, the Honorable William B. Harmon ("ALJ") on November 8, 2006, the ALJ denied Mr. Kline's claim and concluded in a decision dated February 21, 2007, that he retained the residual functional capacity ("RFC") to perform work that was sedentary[1]. The ALJ found that based on his RFC he was unable to

---

[1]The ALJ found that Mr. Kline's ability to perform sedentary work was limited by his inability to operate or work around

perform any of his past relevant work "(PRW)".(Tr. 18).  After receiving testimony from a Vocational Expert("VE"), the ALJ found there were jobs in the national and local economies that existed in significant numbers that Mr. Kline could perform. Accordingly, the ALJ found that he was not disabled.(Tr. 13-20).  On May 9, 2007, the Appeals Council denied Mr. Kline's request for review, making his case ready for judicial review. (Tr. 5-8).

Claimant presents several arguments in support of his contention that the Commissioner's final decision is not supported by substantial evidence.  For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence and is therefore legally correct, and must be affirmed.

First, Claimant maintains that the ALJ erred at step two by "refusing to adjudicate Claimant's mental impairment." *See* Plaintiff's Mem. p.3.  In order to be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §416.921(a).  An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984).  The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

There is no dispute that the record contains some evidence that Mr. Kline was diagnosed with anxiety. (Tr. 16). However, Claimant argues that the ALJ erred in failing to find his anxiety disorder was severe as defined in the Regulations.  However, after review of the entire record, and the ALJ's decision I find the ALJ incorporated the pertinent findings and conclusions based on the required procedure in his decision rationale and his finding that Mr. Kline's anxiety was not severe is supported by substantial evidence. (Tr. 16). The Commissioner's regulations require that the ALJ's "rationale must show the significant history, including examination, laboratory findings, and functional limitations that we considered in reaching conclusions about the severity of the mental impairments." *See* 20 CFR §416.920a(c)(4). The ALJ found that Claimant had a "mild" restriction in his activities of daily living, "mild" restrictions in social functioning, "mild" restriction in concentration, persistence, or pace, and experienced "no" episodes of decompensation. (Tr. 16).   In sum, the ALJ documented adequately the technique he applied, which is set forth in 20 CFR §416.920a. There is no discrepancy between his decision and the documentary records considered by the ALJ.

Claimant also argues that the ALJ erred by not ordering a psychiatric consultative examination("CE").  The ALJ has a duty

---

moving machinery.  (Tr. 16).

adequately to develop the record on all relevant facts and issues before making a final decision. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). However, the ALJ is vested with discretionary power in determining whether a consultative examination is necessary. 20 C.F.R. §416.919a(b) sets forth the standard when it **may be appropriate** for a CE to be ordered: "when the evidence as a whole, both medical and nonmedical is not sufficient to support a decision on your claim." Additional situations when a CE may be required are :

> [(1)] The additional evidence needed is not contained in the records of your medical sources;
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
> (5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your condition is not established.

20 C.F.R. §416.919a(b).(emphasis added).

In the present case, the record does not reflect any of the circumstances found in the above cited criteria suggesting that a a CE was necessary. Mr. Kline's medical records were part of the record, and there is no evidence that there was difficulty in obtaining them, or that they were incomplete. For example, Exhibit 14-F states that when Mr. Kline was seen at the Walnut Street Clinic, his anxiety was treated with Paxil and he denied any side effects, and reported that he "improving". (Tr. 181). In sum, there was no basis for a CE as argued by Claimant's counsel.

Claimant also argues that the ALJ erred by failing to find that his vertigo was severe and for failing to find that a closed period of disability was warranted. *See* Plaintiff's Mem., p. 5. I disagree.

Contrary to Claimant's assertion, I find that the ALJ's discussion and his subsequent findings regarding Claimant's symptoms is sufficient and in accordance with the applicable rules and regulations. The ALJ stated in his decision that in considering Mr. Kline's allegation of vertigo and left arm paresthesia, he reviewed the records of Dr. Peprah and Dr. Kolpillai. (Tr. 17-18). As noted in the ALJ's decision, Claimant was examined by Doctor Peprah and was treated by Dr. Kolpallai. The

records from both of these doctors seriously undermine Claimant's allegation that he had any physical limitation beyond those found by the ALJ.  The doctors noted there were no additional episodes since the April 2005 episode, and the paresthesia had resolved.  For example, Claimant's 2005 MRI was reviewed by Dr. Peprah and found that Claimant was stable with no focal neurological deficits.  Dr. Kolpapllai's notes state that the April 2005 incident resulted in left arm paresthesia which only "lasted for a few seconds" and that since that time, Mr. Kline denied "any neurological symptoms, weakness in either of his extremities and had no paresthesia anywhere. (Tr. 179).  Furthermore, at the administrative hearing the ALJ included the limitation that the hypothetical Claimant would not be allowed any  work requiring close proximity to moving machinery or operation of machinery.  (Tr. 200).

    In sum, the ALJ's decision is supported by substantial evidence and must be affirmed.  Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

    Sincerely,

    /s/

    Paul W. Grimm
    United States Magistrate Judge